NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

EARL WINSTON TAYLOR,            :     Civil No. 02-912 (KSH)
                                :
            Petitioner,         :
                                :
      v.                        :     **O P I N I O N**
                                :
ROY L. HENDRICKS, et al.,       :
                                :
            Respondents.        :

**APPEARANCES:**

    EARL WINSTON TAYLOR, #801609B
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey  08625
    Petitioner pro se

    RAYMOND W. HOFFMAN, Esq.
    Special Deputy Attorney General, Appellate Section
    ESSEX COUNTY PROSECUTOR
    Essex County Courts Building
    Newark, New Jersey  07102
    Attorneys for Respondents

    **HAYDEN**, District Judge

Earl Winston Taylor, who is serving a life sentence for murdering his wife, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging his conviction. Respondents filed an Answer arguing that the Petition should be dismissed on the merits. For the reasons expressed below, the Court dismisses the Petition with prejudice and declines to issue a certificate of appealability.  See 28 U.S.C. §§ 2253(c), 2254(a), (b), (c).

## I.  BACKGROUND

Petitioner challenges a judgment of conviction entered on October 16, 1992, in the Superior Court of New Jersey, Law Division, Essex County, after a jury convicted him of the purposeful or knowing murder of his estranged wife, Debra Taylor, and unlawful possession of a weapon.  The Court sentenced Petitioner to a 30-year term of imprisonment, with a 30-year period of parole ineligibility, on the murder charge and an 18-month concurrent term of the weapon charge.  Petitioner appealed, and by opinion dated February 14, 1995, the Appellate Division of the Superior Court of New Jersey affirmed the conviction.  On April 27, 1995, the Supreme Court of New Jersey denied certification.

Petitioner filed a petition for post conviction relief in the Law Division on or about March 19, 1996.  The Law Division denied relief by order filed July 31, 1996, without an evidentiary hearing.  Petitioner appealed and on December 15, 2000, the Appellate Division affirmed.  The New Jersey Supreme Court denied certification on March 27, 2001.

Petitioner executed the Petition which is now before the Court on February 6, 2002, and the Clerk received it on March 4, 2002.  The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000). The Petition presents five grounds:  the failure to instruct the jury on passion/provocation manslaughter violated due process; the failure to instruct the jury as to the use of Petitioner's out of court statements violated due process; trial and appellate counsel were constitutionally ineffective for failing to challenge the instructions; and

2

the prosecutor's comments violated due process. The State filed an Answer seeking dismissal of the Petition because none of the grounds asserted satisfies the standard for habeas relief.

## II. STANDARD OF REVIEW

A habeas corpus petition must meet "heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 2(c)). The petition must specify all the grounds for relief available to the petitioner, state the facts supporting each ground, and state the relief requested. See 28 U.S.C. § 2254 Rule 2(c)(1), (c)(2), (c)(3).

Section 2254(a) of Title 28 of the United States Code gives the court jurisdiction to entertain a habeas petition challenging a state conviction or sentence only where the inmate's custody violates federal law:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

A district court must give deference to determinations of state courts. Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied, 534 U.S. 919 (2001); Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996). Federal courts "must presume that the factual findings of both state trial and appellate courts are correct, a presumption that can only be overcome on the basis of clear and convincing evidence to the contrary." Stevens v. Delaware Correctional Center, 295 F.3d 361, 368 (3d Cir. 2002).

Where a federal claim was "adjudicated on the merits" [1] in state court proceedings, § 2254 does not permit habeas relief unless adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision is "'contrary to' a Supreme Court holding if the state court 'contradicts the governing law set forth in [the Supreme Court's] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of th[e Supreme] Court and nevertheless arrives at a [different] result." Rompilla v. Horn, 355 F.3d 233, 250 (3d Cir. 2004) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).

Under the "'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. Whether a state court's application of federal law is "unreasonable" must be judged objectively; an application may be incorrect, but still not unreasonable. Id. at 409-10.

---

[1] "An 'adjudication on the merits' has a well settled meaning: a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground." Rompilla v. Horn, 355 F.3d 233, 247 (3d Cir. 2004) (quoting Sellan v. Kuhlman, 261 F.3d 303, 311 (2d Cir.2001)). A state court may render an adjudication or decision on the merits of a federal claim by rejecting the claim without any discussion whatsoever. Rompilla, 355 F.3d at 247.

A court begins the analysis by determining the relevant clearly established law. See Yarborough v. Alvarado, 541 U.S. 652, \_, 124 S.Ct. 2140, 2147 (2004). Clearly established law "refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 71 (2003) (habeas court must determine "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision") .

### III.  DISCUSSION

A.  Passion/Provocation Manslaughter Instructions

In Ground One, Petitioner asserts: "The trial court's failure to instruct the jury on passion provocation manslaughter deprived Petitioner of Due Process." (Pet. ¶ 12, Addendum II, Ground One.) In support of Ground One Petitioner alleges that the trial court violated due process by failing to instruct the jury that it could convict Petitioner of passion/provocation manslaughter, because the jury could have determined from the facts that "Petitioner's hope of reconciliation with his wife was dashed by her continuing relationship with another man and that when the other man called the victim on the night of her death, Petitioner and [she] got into an argument over the phone call, the argument escalated into mutual combat, and she was killed by an impassioned Petitioner." (Id. Ground One, Supporting Facts.)

The Court construes Ground One as asserting a claim that the trial court's failure to charge the jury on the lesser included offense of passion/provocation manslaughter violated his Sixth and Fourteenth Amendment rights. A habeas petitioner who challenges state jury instructions must "point to a federal requirement that jury instructions on the elements of an offense . . . must include particular provisions," or demonstrate that the jury "instructions

5

deprived him of a defense which federal law provided to him." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997). This is because district courts do not "sit as super state supreme courts for the purpose of determining whether jury instructions were correct under state law with respect to the elements of an offense and defenses to it" Id.[2] The Due Process Clause requires a court to instruct a jury on a lesser included offense, if warranted by the evidence, to avoid "the risk that a defendant might otherwise be convicted of a crime more serious than that which the jury believes he committed simply because the jury wishes to avoid setting him free." Vujosevic v. Rafferty, 844 F.2d 1023, 1027 (3d Cir. 1988); see also Hopper v. Evans, 456 U.S. 605 (1982).

In this case, the trial judge instructed the jury on the offense of first degree murder, and on the lesser included offenses of aggravated manslaughter and reckless manslaughter. Because the jury was not forced to make an all or nothing choice between convicting Petitioner of first degree murder and setting him free, the failure to instruct on the lesser included offense of passion/provocation manslaughter did not violate due process. Terry v. Petsock, 974 F.2d 372 (3d Cir. 1992). Petitioner is not entitled to habeas relief on Ground One.

B.  Instructions Regarding Petitioner's Out-of-Court Verbal Statements

Petitioner asserts the following in Ground Two:

> the Trial Court's Failure to Instruct the Jury to Disregard Evidence of Petitioner's Statements if it Found that Evidence not Credible and to Carefully Consider the Evidence of Petitioner's Oral Statements Deprived Petitioner [of] Due Process.

(Pet. ¶ 12, Addendum II, Ground Two.)

---

[2] See also Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982) ("If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable. It is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts"); Geschwendt v. Ryan, 967 F.2d 877, 888-90 (3d Cir. 1992).

6

As factual support for Ground Two, Petitioner states that several out-of-court statements allegedly made by him were admitted into evidence. (Id. Supporting Facts.) For example, Petitioner allegedly stated to his mother that he was going to kill his wife, and he allegedly stated in reference to his wife's romantic relationship with another man, "Who isn't dead is badly wounded." (Id.) Petitioner asserts that the trial court erred by failing to instruct the jury, pursuant to State v. Hampton, 61 N.J. 250 (1972), that it should determine if the evidence of his statements was credible and that the jury should disregard such statements if it found them not to be credible. He contends that the trial court erred by failing to instruct the jury, in accordance with State v. Kociolek, 23 N.J. 400, 421 (1957), that it should carefully weigh the evidence regarding Petitioner's statements because there is a recognized risk of inaccuracy and error in communication and recollection of verbal utterances and misconstruction by the hearer.

The record shows that the Appellate Division considered the above claim when it affirmed the order denying post conviction relief. The Appellate Division determined that "the foundational requisites for admission of defendant's inculpatory statements to non-police witnesses were fully satisfied . . . [and] these statements were properly admitted." State v. Taylor, No. A-3801-98T5 slip op. at 3 (App. Div. Dec. 15, 2000).

Petitioner challenges the trial court's failure to instruct the jury under two New Jersey cases. State v. Hampton, 61 N.J. at 34-35, involved the admissibility of defendant's confession to police under New Jersey rules of evidence. Similarly, State v. Kociolek, 23 N.J. at 421, involved jury's use of defendant's verbal admission as a matter of state law. As previously stated, a habeas petitioner who challenges state jury instructions must "point to a federal requirement that jury instructions on the elements of an offense . . . must include particular

7

provisions," or demonstrate that the jury "instructions deprived him of a defense which federal law provided to him." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997).  As Petitioner has pointed to no constitutional infirmity in the trial court's failure to instruct the jury pursuant to Hampton and Kociolek, this Court lacks jurisdiction to entertain Ground Two.

C.  Ineffective Assistance of Counsel

In Grounds Three and Four, Petitioner asserts that trial counsel and appellate counsel were constitutionally ineffective for failing to challenge the trial court's failure to instruct the jury pursuant to State v. Hampton and State v. Kociolek.  Petitioner raised the ineffective assistance of counsel claim in his appeal from the denial of post conviction relief.

> We find no basis whatsoever for defendant's attack upon his trial counsel.  More specifically, we find no professional error or errors on the part of . . . counsel that would generate a reasonable probability that, but for the mistake or mistakes, the result of the proceeding would have been different.  Strickland v. Washington, 466 U.S. 668, 694 . . . .

State v. Taylor, No. A-3801-98T5 slip op. at 3 (App. Div. Dec. 15, 2000).

The Sixth Amendment, applicable to states through the Due Process Clause of the Fourteenth Amendment, guarantees the accused the "right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI.  The right to counsel is the right to the effective assistance of counsel, and counsel can deprive a defendant of the right by failing to render adequate legal assistance.  Strickland v. Washington, 466 U.S. 668, 686 (1984).  A claim that counsel's assistance was so defective as to require reversal of a conviction has two components, both of which must be satisfied.  Strickland, 466 U.S. at 687.  First, the defendant must "show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-88.

To meet this prong, a "convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690.  The court must then determine whether, in light of all the circumstances at the time, the identified errors were so serious that they were outside the wide range of professionally competent assistance.  Id.  To satisfy the second prong, the defendant must show that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695.

Petitioner is not entitled to habeas relief on his ineffective assistance of counsel claims because the Appellate Division's adjudication of the claims did not result in a decision that was contrary to, or involved an unreasonable application of Strickland or other Supreme Court holdings.

D.  Prosecutorial Misconduct

In Ground Five, Petitioner asserts:

> Ground Five:  Prosecutorial Misconduct Deprived Petitioner of Due Process.
>
> Supporting Facts:  During his closing argument, the prosecutor commented on the evidence that suggested that Petitioner had sex with his wife on the night of her death by stating, "Maybe the defendant did have sex with Debra Taylor [the victim] that night, certainly it wasn't consentual [sic]."

(Pet. ¶ 12, Addendum II, Ground Five.)

Prosecutorial misconduct may "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974).  Where "specific guarantees of the Bill of Rights are involved, [the Supreme] Court has

taken special care to assure that prosecutorial misconduct in no way impermissibly infringes them." Id. at 642. The quantum or weight of the evidence is crucial to determining whether the prosecutor's statements before the jury were so prejudicial as to result in a denial of due process. Darden v. Wainwright, 477 U.S. 168, 182 (1986); Donnelly, 416 U.S. at 644; Moore v. Morton, 355 F.3d 95, 111 (3d Cir. 2001).

In this case, Petitioner has not shown that prosecutorial misconduct "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." Donnelly, 416 U.S. at 643. Habeas relief is therefore not warranted on this claim.

E.  Certificate of Appealability

The Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition with prejudice and declines to issue a certificate of appealability under 28 U.S.C. § 2253(c).

/s/ Katharine S. Hayden

KATHARINE S. HAYDEN, U.S.D.J.

DATED:　　　October 25, 　　　　　　　, 2005

10